OPINION
{¶ 1} William S. Johnson is appealing, for the second time, from a judgment of the Municipal Court of Clark County, which awarded him damages in an amount of $587.00 in a dispute with his tenant, Julia Brown, and her husband.
 {¶ 2} Johnson, the landlord, had to remove the Browns from his rental home with a forcible entry and detainer action.
 {¶ 3} The municipal court had originally awarded Johnson $544.00 in the dispute with his tenant, which Johnson appealed to this court assigning thirteen assignments of error. We rendered a decision sustaining Johnson's first, tenth and eleventh assignments of error and remanded it to the trial court with the following entry:
 {¶ 4} "Pursuant to the opinion of this court rendered on the 14th day of March, 2003, the judgment is affirmed in part, reversed in part, and remanded (1) for correction of the amount of the award as discussed under the first assignment, and (2) for adjustment of that award, if any, after consideration of the mitigation of damages issue, as discussed under the tenth and eleventh assignments."
 {¶ 5} See our prior decision for the facts and history of this dispute. Johnson v. Brown (March 14, 2003), Clark App. No. 2002-CA-76.
 {¶ 6} Upon remand, the municipal court discussed the mitigation of damages issue but found against Johnson and increased the award only to $587.00.
 {¶ 7} Johnson assigns the following three errors on this appeal:
 {¶ 8} "1. As a matter of law and finding of facts, municipal court judge moody erred when she reduced the award by $18.10, which had been granted as rent for the day the appellee actually occupied the property on 9 February 2000.
 {¶ 9} "2. As a matter of law and finding of facts, municipal court judge moody erred when she ruled that the `plaintiff is not entitled to recover rent for the month of February 2000.'
 {¶ 10} "3. As a matter of law and finding of facts, municipal court judge moody erred when she found the reduction of award by $200.00 by municipal court judge carey to be appropriate based `on the evidence before' her on remand."
 {¶ 11} Although represented by counsel at the trial level, appellee has not filed a brief in this appeal.
 {¶ 12} App.R. 18(C) provides that:
 {¶ 13} "If an appellee fails to file the appellee's brief . . . the court may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action."
 {¶ 14} Upon review of appellant's brief and the facts before this court in the prior case as well as this appeal, we find indeed that the statement of the facts and issues are reasonably sustained by appellant's brief. Appellant presents cogent reasons why he was delayed in attempting to mitigate damages and why the entire February rent should be paid to him by the tenants and not just a one day portion of it. The trial court even reduced his award by eliminating even the one day's pay as well as $200 of alleged wear and tear and only $160 for a sewer repair.
 {¶ 15} Johnson cogently argues that he was unable to begin mitigation of damages by re-letting a house because he found out only on February 18, 2000, that the tenants had left the house on February 9, 2000. In addition the house was in such deplorable condition that the repairs had to be made before a new tenant could be found. We hereby modify the judgment to a total amount of $1,312.00 against the appellee and in favor of the appellant, but we decline to order interest as requested by Johnson. The judgment as modified is therefore affirmed and no remand is necessary.
Wolff, J., and Grady, J., concur.
(Hon. Frederick N. Young, Retired from the Court of Appeals, Second Appellate District, Sitting by Assignment of the Chief Justice of the Supreme Court of Ohio).